UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 06-CV-380-JBC**

**KIMBERLY BARKER MASTIN,**                                                                               **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**WINDSTREAM YELLOW PAGES, INC,**                                                       **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's motion for partial summary judgment (DE 21). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

The plaintiff, Kimberly Barker Mastin, brought this action against her former employer based on various claims, including wrongful termination. The defendant, Alltel Publishing Corporation, was restructured in July of 2006 and is doing business under the name of Windstream Yellow Pages, Inc. (hereinafter referred to as "Alltel" or "Windstream" as applicable according to the time context). The plaintiff was employed as a sales representative with Alltel starting in October of 2002. She was promoted to district manager, and her duties included supervising numerous sales representatives who were employed to sell advertising space in the telephone book. According to the plaintiff, the defendant represented that the salary and commissions of the plaintiff and the sales representatives she supervised were based upon the percentage by which their performance exceeded a pre-determined sales quota. In mid-2004, the plaintiff and her sales representatives

had not received commission payments for sales from part of 2003.  Upon inquiring about this delay, she was advised by her supervisor, Wayne Mulling, that because the sales had exceeded the quota by more than 25% he retroactively adjusted the quotas to reduce the commissions and salaries.  Due to the adjustments, the plaintiff and her sales representatives received a decrease in salaries and commissions.  The plaintiff confronted Mulling "regarding the apparent inequity and possible illegality of retroactively adjusting sales budgets/quotas to affect a retroactive decrease in previously earned salaries and commissions."  DE 24, at 2.  Mulling responded that the plaintiff's employment "could be in jeopardy as a result of her open criticism of the . . . retroactive policy."  *Id.* at 3.  A similar situation happened again at the end of 2004, and the plaintiff again confronted Mulling regarding the illegality of altering the sales goals after the pay period was closed.  In a conversation in early 2005, Mulling told the plaintiff that it was her responsibility to inform her sales representatives regarding the adjustments to their quotas and that if she did not like it, she could leave.  About one week later, the plaintiff was terminated.

On June 29, 2004, the plaintiff received a written warning from her supervisor stating that she had "misrepresented the best interest of the Company and created a disruption to the work environment."  Exhibit A, DE 21.  The warning also stated that "[f]uture violations of any items listed in this warning will result in the immediate termination of your employment."  *Id.*  The plaintiff was suspended

from employment on January 3, 2005, and terminated on January 5, 2005. The defendant moves for summary judgment on the plaintiff's claim of wrongful termination and argues that the plaintiff can neither show that she was engaged in protected activity nor show any unlawful basis for the termination of her at-will employment.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case. *Id*. at 324-25. To survive summary judgment, the non-movant must come forward with evidence on which a jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Kentucky law, "an employer may discharge [its] at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). Exceptions to the at-will-employment doctrine include narrow public-policy-

based exceptions. To fall within a public-policy exception, the plaintiff must show 1) that the discharge was contrary to a fundamental and well-defined public policy as evidenced by existing law; and 2) that the policy is evidenced by a constitutional or statutory provision. *Baker v. Campbell County Board of Educ.*, 180 S.W.3d 479, 483 (Ky. Ct. App. 2005). "The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact." *Id.*

The plaintiff agrees that this is not a traditional wrongful-termination action, but argues that it is a discharge actionable under public-policy grounds. The plaintiff argues that she was terminated as retaliation for resisting and failing to join in or approve of the defendant's retroactive adjustment of quotas and reduction of previously earned commissions. The plaintiff states that she was fired shortly after she expressed concern and hesitation regarding her employer's fraudulent and illegal conduct. "An employee cannot be fired for refusing to violate the constitution or a statute." *Firestone*, 666 S.W.2d at 731 (quoting *Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834, 835 (Wis. 1983)). According to the plaintiff, she was wrongfully terminated because she was discharged for failing or refusing to violate a law in the course of her employment. *See Grzyb v. Evans*, 700 S.W.2d 399, 402 (Ky. 1985).

The defendant argues that what the plaintiff was allegedly asked to do did not constitute an illegal activity and that the alleged scheme to change the quotas

of employees could, at worst, constitute a breach of contract. According to the defendant, "[b]reach of contract, if indeed that was a practice in which Alltel was engaged, is not illegal, nor is asking a manager to convey bad news to her employees." DE 25, at 3. The defendant argues that the plaintiff was not asked to do anything illegal, and thus her refusal to perform a duty of her employment was not an action protected by the public-policy exception. The defendant argues that even if the plaintiff was fired because she was unhappy with a policy of the company and expressed her disapproval to her manager, such grounds are not actionable under Kentucky law.

The plaintiff has identified a public policy that is actionable in general – "where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment." *Grzyb*, 700 S.W.2d at 402. However, the plaintiff has failed to demonstrate that her discharge was contrary to that public policy. The plaintiff did not identify any illegal conduct or scheme being pursued by the defendant or any law that was violated by the defendant. Thus, she could not have been discharged for failing or refusing to violate a law. Therefore, the defendant is entitled to summary judgment as a matter of law on the plaintiff's claim of wrongful termination. Accordingly,

**IT IS ORDERED** that the defendant's motion for partial summary judgment (DE 21) is **GRANTED**. The plaintiff's claim against the defendant for wrongful termination is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file an untimely response to the motion for summary judgment (DE 23) is **GRANTED**. The court has considered that response.

**IT IS FURTHER ORDERED** that the defendant's motion to submit defendant Windstream's summary judgment motion for ruling (DE 22), which moved for the motion to be submitted prior to full briefing because the plaintiff had failed to file a response within the time allowed, is **DENIED** as moot, the court having granted the plaintiff's motion for leave to file an untimely response.

Signed on  November 25, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY